UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJON DANIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. BRADLEY NELSON, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-1358 CSK P<br><br><br>ORDER |

　　　　Plaintiff is a county prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Discussion

Named as defendants are E. Bradley Nelson and Malary Getty.  (ECF No. 1 at 2.)  Plaintiff identifies defendants as Judicial Officers of the Solano County Superior Court.  (Id.)  It is clear that defendants are Superior Court Judges.

In claim one, plaintiff alleges that on April 2, 2024, defendant Nelson violated plaintiff's constitutional rights by revoking plaintiff's Faretta waiver and telling plaintiff that plaintiff was incompetent.  (Id. at 4.)  Plaintiff claims that defendant Nelson added charges that were not there previously which made plaintiff "no bail."  (Id.)

In claim two, plaintiff alleges that on April 12, 2024, defendant Getty threatened to revoke plaintiff's Faretta waiver because plaintiff asked defendant Getty if she was an Article 3 judge.  (Id. at 3.)  Defendant Getty allegedly told plaintiff that she was going to revoke plaintiff's Faretta waiver because plaintiff was mentally incompetent.  (Id.)  Plaintiff alleges that defendant Getty wrongly moved his preliminary hearing from April 16, 2024 to May 10, 2024.  (Id.)  Plaintiff alleges that his witness could not testify at the preliminary hearing because it was moved.  (Id.)

In claim three, plaintiff alleges that defendants Getty and Nelson racially discriminated against plaintiff.  (Id. at 5.)  Plaintiff alleges that defendant Getty unconstitutionally terminated plaintiff's preliminary hearing and threatened plaintiff.  (Id.)  Plaintiff alleges that when plaintiff spoke about the Constitution, defendant Nelson prosecuted plaintiff and added unlawful charges.  (Id.)  Plaintiff alleges that defendant Nelson unlawfully assigned a criminal protective order that was not filed with the Clerk of the Court.  (Id.)  Plaintiff alleges that after defendant Nelson revoked plaintiff's Faretta waiver, defendant Nelson tried to appoint a public defender.  (Id.)

As relief, plaintiff seeks money damages.  (Id. at 6.)

///

///

It is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability from nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Plaintiff challenges rulings made by defendants Getty and Nelson in plaintiff's criminal case. All of the challenged rulings by defendants Getty and Nelson were clearly made in their judicial capacities and within the scope of their jurisdiction as Superior Court Judges. Accordingly, defendants Getty and Nelson are entitled to judicial immunity as to these claims.

Plaintiff also alleges that defendant Nelson added charges to plaintiff's case. Filing criminal charges is not a function normally performed by a Superior Court Judge. Cf. Ohman v. County of Orange, 460 Fed.Appx. 649, 650 (9th Cir. 2011) (the filing of criminal charges by prosecutors is conduct related to their role as advocate for the state). This Court cannot determine whether plaintiff states a potentially colorable claim against defendant Nelson because plaintiff does not explain how defendant Nelson added charges to plaintiff's case. Accordingly, this claim is dismissed with leave to amend. If plaintiff files an amended complaint, plaintiff shall discuss the specific actions taken by defendant Nelson that resulted in charges added to plaintiff's case.

Plaintiff is informed that if plaintiff files an amended complaint stating a potentially colorable claim against defendant Nelson, this action will most likely be stayed until the completion of plaintiff's criminal proceedings. Wallace v. Kato, 549 U.S. 384, 393-94 (2007) (actions raising claims challenging ongoing state proceedings should be stayed).

///

///

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  May 20, 2024

Dan1358.142

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJON DANIEL,<br><br>  Plaintiff,<br><br>  v.<br><br>E. BRADLEY NELSON, et al.,<br><br>  Defendants. | No.  2:24-cv-1358 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____          Amended Complaint

              _____
              Plaintiff