UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAJON DANIEL,<br><br>                Plaintiff,<br><br>        v.<br><br>E. BRADLEY NELSON, et al.,<br><br>                Defendants. | No.  2:24-cv-1358 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 20, 2024, the Court dismissed plaintiff's complaint with leave to amend.  (ECF No. 4.)  Pending before the Court is plaintiff's amended complaint.  (ECF No. 7.)  For the reasons stated herein, this Court recommends that this action be dismissed.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

7   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8   1227.

9       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

16  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

18  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

19  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

20  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

21  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

22  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23  Claims in Amended Complaint

24      Named as defendants are E. Bradley Nelson, Wendy G. Getty, Yisha Fan and the Solano

25  County Superior Court.  (ECF No. 7 at 1.)  It is clear that defendants Nelson and Getty are

26  Superior Court Judges.

27      In claim one, plaintiff alleges that on April 2, 2024, plaintiff was scheduled for

28  arraignment.  (Id. at 3.)  Prior to arraignment, plaintiff was charged with kidnapping, child abuse

and evading. (Id.) Plaintiff's bail was set at $101,000.00 (Id.) At the arraignment, defendant Nelson revoked plaintiff's Faretta waiver. (Id.) After plaintiff asked defendant Nelson if he (defendant Nelson) was an Article 3 judge, defendant Nelson asked the district attorney, "How many years do these charges carry?" (Id.) The district attorney responded, "twelve years." (Id.) Plaintiff alleges that defendant Nelson then began to prosecute plaintiff by saying that plaintiff was a danger to public safety, if plaintiff got out he would kill somebody, and plaintiff committed great bodily injury and pulled plaintiff's girlfriend by the hair and onto the car. (Id.) Plaintiff alleges that defendant Nelson then added new charges against plaintiff: battery on spouse, disregard for public safety and great bodily injury. (Id.) Defendant Nelson then made plaintiff "no bail." (Id.) Plaintiff alleges that after defendant Nelson scheduled plaintiff's preliminary hearing for April 16, 2024, the district attorney told him that he could not schedule a preliminary hearing without scheduling a bail hearing for plaintiff. (Id.) As legal claims, plaintiff alleges violation of the California Constitution, Article I, Section 12 and Amendment VI. (Id.)

In claim two, plaintiff alleges that on April 8, 2024, defendant Getty threatened to revoke plaintiff's Faretta waiver because plaintiff asked her if she was an Article 3 judge. (Id. at 7.) Plaintiff alleges that defendant Getty revoked plaintiff's Faretta waiver after finding plaintiff incompetent. (Id.) On April 15, 2024, defendant Fan, an attorney, came to speak with plaintiff. (Id.) Plaintiff told defendant Fan that he did not consent to having an attorney. (Id.) Defendant Fan told plaintiff that he needed to be seen by a doctor to determine whether he was competent. (Id.) After they went into court, defendant Fan told defendant Getty that she found plaintiff to be mentally incompetent. (Id.) Defendant Getty then reset plaintiff's preliminary hearing to May 10, 2024. (Id.) Plaintiff did not speak to a doctor regarding his competency until May 9, 2024. (Id.) On May 10, 2024, defendant Getty told plaintiff that he was incompetent. (Id.) Plaintiff alleges that he has been in custody since March 28, 2024 and has not had a bail hearing or a preliminary hearing. (Id.) Plaintiff alleges that defendant Getty found plaintiff incompetent in retaliation for plaintiff asking if she was an Article 3 judge. (Id.) As legal claims, plaintiff alleges violation of Amendment VI and the California Constitution Article 1 section 15. (Id.)

In claim three, plaintiff alleges that defendant Superior Court failed to protect plaintiff

3

from human trafficking in violation of the Geneva Convention. (Id. at 5.)

As relief, plaintiff seeks money damages. (Id. at 6.)

Discussion

*Claim One*

As this Court informed plaintiff in the May 20, 2024 order, it is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an action by a judge is a 'judicial' one relate[s] to the nature of the action itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Plaintiff claims that defendant Nelson violated plaintiff's constitutional rights when he revoked plaintiff's Faretta waiver, denied plaintiff bail and scheduled plaintiff's preliminary hearing without setting a bail hearing after plaintiff challenged rulings made by defendant Nelson in plaintiff's criminal case. These rulings were clearly made by defendant Nelson in his judicial capacity and were within the scope of his jurisdiction as a Superior Court Judge. Accordingly, defendant Nelson is entitled to judicial immunity as to these claims.

Plaintiff also claims that defendant Nelson added charges to plaintiff's case. Filing criminal charges is not a function normally performed by a Superior Court Judge. Cf. Ohman v. County of Orange, 460 F3d.Apx. 649, 650 (9th Cir. 2011) (the filing of criminal charge by prosecutor is conduct related to their role as advocate for the state). In the original complaint, plaintiff also claimed that defendant Nelson added charges to plaintiff's case. This Court dismissed this claim with leave to amend because plaintiff failed to explain how defendant Nelson added charges to plaintiff's case. (ECF No. 4 at 4.) If plaintiff filed an amended

1  complaint, this Court directed plaintiff to address the specific actions taken by defendant Nelson
2  resulting in charges added to plaintiff's case. (Id.)

3  In the amended complaint, plaintiff does not specifically address how defendant Nelson allegedly added charges to plaintiff's case. This Court reviewed the Solano County Superior Court records in plaintiff's pending criminal case, no. F24-00691.[1] The record in case no. F24-00691 reflects that the complaint, filed April 2, 2024, charged plaintiff with kidnapping, willful cruelty to a child with possible injury/death, evading a peace officer with wanton disregard for safety, and battery on a spouse. The complaint, filed by the prosecution, appears to contain the charges plaintiff claims defendant Nelson added to plaintiff's criminal case. Based on plaintiff's failure to plead specific facts in support of this claim and the Superior Court record contradicting plaintiff's claim, this Court recommends dismissal of plaintiff's claim alleging that defendant Nelson violated plaintiff's constitutional rights by adding charges to plaintiff's criminal case.

*Claim Two*

Plaintiff alleges that defendant Getty violated plaintiff's constitutional rights when she wrongly rescheduled plaintiff's preliminary hearing and made other rulings against plaintiff in retaliation for plaintiff asking if defendant Getty was an Article 3 judge. The rulings made by defendant Getty that plaintiff challenges in claim two were made in Getty's judicial capacity and within the scope of her jurisdiction as a Superior Court Judge. Accordingly, defendant Getty is entitled to judicial immunity as to these claims. Miller, 502 U.S. at 9, 11-12.

Plaintiff alleges that defendant Fan wrongly told defendant Getty that plaintiff was incompetent. Based on the allegations in claim two, it is clear that defendant Fan was appointed by the court to represent plaintiff in his criminal case. To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citations omitted). Neither public defenders nor attorneys appointed by the court to represent criminal defendants in place of public defenders are

---

[1] This Court takes judicial notice of the Solano County Superior Court record of plaintiff's criminal case. Fed. R. Evid. 201.

5

state actors. Polk County v. Dodson, 454 U.S. 312, 320-25 (1981); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003). For this reason, plaintiff's claim that defendant Fan violated his constitutional rights when Fan told defendant Getty that plaintiff was incompetent should be dismissed.

*Claim Three*

Plaintiff alleges that defendant Solano County Superior Court violated the Geneva Convention. Claim three should be dismissed because the Geneva Convention "does not create a private right of action for private individuals to enforce its terms." Nattah v. Bush, 770 F.Supp.2d 193, 204 (D.C. Cir. 2011).

*Remaining State Law Claims*

Plaintiff raises state law claims in claims one and two. Because this Court recommends dismissal of plaintiff's federal claims, this Court recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction); Sanford v. Member Works, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dan1358.56